**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| JOHN THOMPSON, | ) Case No. |
| Plaintiff, | ) |
| v. | ) **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| HOME POINT CAPITAL INC., ANDREW BON SALLE, WILLIAM NEWMAN, LAURIE GOODMAN, AGHA KHAN, STEPHEN LEVEY, TIMOTHY MORSE, ERIC ROSENZWEIG, and JOANNA ZABRISKIE, | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

Plaintiff John Thompson ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Plaintiff against Home Point Capital Inc. ("Home Point" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by Home Point to Mr. Cooper Group Inc. ("Mr. Cooper").[1]

2. On May 10, 2023, the Company entered into an Agreement and Plan of Merger

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

(the "Merger Agreement") with Mr. Cooper and Mr. Cooper's direct, wholly owned subsidiary Heisman Merger Sub, Inc. ("Acquisition Sub"). The Merger Agreement provides that Mr. Cooper will acquire Home Point for $2.23 in cash per share of Company common stock, via a tender offer (the "Tender Offer").[2]

3. The Company's corporate directors subsequently authorized the May 26, 2023, filing of a materially incomplete and misleading 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the SEC. The Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Solicitation Statement in violation of the Exchange Act.

4. It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming Tender Offer deadline, so that they can properly exercise their rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] Purchaser commenced the Tender Offer on May 26, 2023.

[3] The Tender Offer is currently scheduled to expire at 5:00 p.m., Eastern Time, on Tuesday, June 27, 2023.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

**THE PARTIES**

9. Plaintiff is, and has been at all times relevant hereto, the owner of Home Point common stock.

10. Defendant Home Point a Delaware corporation with its principal executive offices located at 2211 Old Earhart Road, Suite 250, Ann Arbor, Michigan 48105. Home Point's shares trade on the Nasdaq Global Select Market under the ticker symbol "HMPT." Home Point, together with its subsidiaries, operates as a residential mortgage originator and service provider. The Company operates through two segments: Origination and Servicing. The Origination segment sources loans through direct and wholesale. The Servicing segment offers collecting loan payments, remitting payments to investors, sending monthly statements, managing escrow accounts, servicing delinquent loan work-outs, and managing and disposing of foreclosed properties.

11. Defendant Andrew Bon Salle is and has been Chairperson of the Board and a director of the Company at all times relevant hereto.

12. Defendant William Newman is and has been President, Chief Executive Officer, and a director of the Company at all times relevant hereto.

13. Defendant Laurie Goodman is and has been a director of the Company at all times relevant hereto.

14. Defendant Agha Khan is and has been a director of the Company at all times relevant hereto.

15. Defendant Stephen Levey is and has been a director of the Company at all times relevant hereto.

16. Defendant Timothy Morse is and has been a director of the Company at all times relevant hereto.

17. Defendant Eric Rosenzweig is and has been a director of the Company at all times relevant hereto.

18. Defendant Joanna Zabriskie is and has been a director of the Company at all times relevant hereto.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

20. On May 10, 2023, the Company announced in relevant part:

DALLAS -- (BUSINESS WIRE) -- Mr. Cooper Group Inc. ("Mr. Cooper") and Home Point Capital Inc. ("Home Point"), announced today the signing of a definitive agreement for Mr. Cooper to acquire all outstanding shares of Home

Point for approximately $324 million in cash. As part of the transaction, Mr. Cooper will assume $500 million in outstanding Home Point 5% senior notes which are due in February 2026. The transaction is expected to close in the third quarter of 2023, subject to customary closing conditions including receipt of regulatory approvals. Following the onboarding of Home Point customers and the closing of the transaction, Mr. Cooper will shut down the remaining Home Point operations.

Mr. Cooper's Chairman and CEO Jay Bray commented, "This acquisition is consistent with our strategy of growing our customer base, deploying our capital with a focus on attractive risk-adjusted returns, and maintaining a very strong balance sheet. Home Point has amassed an impressive servicing portfolio, consisting of conventional loans to borrowers with high FICO scores, low coupons, and strong equity cushions. We look forward to welcoming these customers to Mr. Cooper and providing them with a high-quality, personalized, and friction-free experience."

Kurt Johnson, Mr. Cooper's CFO added, "Thanks to our strong operations and technology, we have the capacity to onboard this portfolio, with a focus on ensuring a positive customer experience. The senior notes we're assuming from Home Point serve as a low-cost source of funding and contribute to an attractive rate of return on this transaction."

Wachtell, Lipton, Rosen & Katz and Simpson Thacher & Bartlett LLP acted as legal advisors to Mr. Cooper. Kirkland & Ellis acted as legal advisor to Home Point and Houlihan Lokey acted as financial advisor to Home Point.

**The Materially Incomplete and Misleading Solicitation Statement**

21.     The Board caused to be filed the materially incomplete and misleading Solicitation Statement with the SEC on May 26, 2023. The Solicitation Statement, which recommends that Home Point stockholders tender their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; (b) the financial analyses underlying the fairness opinion provided by the Company's financial advisor, Houlihan Lokey Capital Inc. ("Houlihan Lokey"); (c) potential conflicts of interest

faced by Houlihan Lokey and Company insiders; and (d) the background of the Proposed Transaction.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

22.     The Solicitation Statement fails to disclose material information concerning the Company's financial forecasts, including non-risk adjusted forecasts or the risk adjustments or internal assumptions underlying the forecasts.[4]

*Material Misrepresentations and/or Omissions Concerning Houlihan Lokey's Financial Analyses*

23.     The Solicitation Statement fails to disclose material information concerning the financial analyses underlying Houlihan Lokey's fairness opinion.

24.     With respect to the *Discounted Cash Flow Analysis* performed by Houlihan Lokey the Solicitation Statement fails to disclose: (a) Home Point's terminal values; and (b) the Company's tangible book values as of December 31, 2024, and 2025.

25.     With respect to the *Selected Companies Analysis* and *Selected Transactions Analysis*, each performed by Houlihan Lokey, the Solicitation Statement fails to disclose the respective individual financial metrics for each company and transaction analyzed by the financial advisor, as well as the Company's tangible book value as of March 31, 2023.

*Material Misrepresentations and/or Omissions Concerning Houlihan Lokey's and Company Insiders' Potential Conflicts of Interest*

26.     The Solicitation Statement fails to disclose material information concerning Houlihan Lokey's and MTS's potential conflicts of interest, including the details of the services

---

[4] *See* Solicitation Statement at 35.

Houlihan Lokey provided to the Company or Stone Point Capital LLC during the past two years, if any, and the related compensation received.

27. The Solicitation Statement further fails to disclose whether any of Mr. Cooper's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

28. The Solicitation Statement also fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between Home Point directors and executive officers and Mr. Cooper, who participated in all such communications, when they occurred and their content.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

29. The Solicitation Statement fails to disclose material information concerning the background leading to the Proposed Transaction, including whether the customary standstill provisions in the confidentiality agreements the Company entered into with fifteen parties during the sale process are "don't-ask, don't-waive" standstill provisions that are still in effect and presently precluding the parties from submitting a topping bid for the Company.

30. The omission of the above-referenced information renders statements in the "Certain Financial Projections," "Opinion of Home Point's Financial Advisor," "Background of the Offer and the Merger," and "Arrangements Between Home Point and its Executive Officers, Directors and Affiliates" sections of the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act.

31. Absent disclosure of the foregoing material information prior to the expiration

7

of the Tender Offer, Plaintiff and the other stockholders of Home Point will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

32. Plaintiff repeats all previous allegations as if set forth in full.

33. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting Home Point stockholders to tender their shares in the Tender Offer.

34. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

35. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

36. SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

37. Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

38. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

39. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

40. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of Home Point, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

41. Plaintiff repeats all previous allegations as if set forth in full.

42. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made,

not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

43. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to Home Point stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning the Company's financial forecasts, the Financial Advisors' financial analyses, and Raymond James and Company insiders' potential conflicts of interest.

44. Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

45. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

**Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

46. Plaintiff repeats all previous allegations as if set forth in full.

47. The Individual Defendants acted as controlling persons of Home Point within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions

as officers and/or directors of Home Point and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Solicitation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Solicitation Statement.

50. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Solicitation Statement purports to describe the various issues and information that they reviewed and considered – descriptions into which the Company directors had input.

51. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

52. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Home Point stockholders will be irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the expiration of the Tender Offer, unless and until defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable

allowance for Plaintiff's attorneys' and experts' fees; and

   E. Granting such other and further relief as this Court may deem just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  June 6, 2023                                   **LONG LAW, LLC**

                                      By:  */s/ Brian D. Long*
                                           Brian D. Long (#4347)
                                           3828 Kennett Pike, Suite 208
                                           Wilmington, DE 19807
                                           Telephone: (302) 729-9100
                                           Email: BDLong@LongLawDE.com

                                           *Attorneys for Plaintiff*